## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **EVOON SOURI, RAMY SOURI** ) | |
| Plaintiff, ) | |
| ) | |
| **v.** ) | **Civil Action No. 1:13-cv-11378** |
| ) | |
| **INVESTMENT RETRIEVERS, INC.** ) | |
| Defendant, ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### I.      INTRODUCTION

1.  This is an action for actual and statutory damages brought by plaintiffs Evoon Souri,

Ramy Souri, individual consumers, against Defendant's violations of the law, including,

but not limited to, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692

*et seq*. (hereinafter ''FDCPA'') which prohibits debt collectors from engaging in abusive,

deceptive, and unfair practices, by Defendant and its agents in their illegal efforts to

collect a consumer debt from Plaintiffs.

## II.      JURISDICTION

2.  Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), which states that such

actions may be brought and heard before, "[A]ny appropriate United States district court

without regard to the amount in controversy," and also under 28 U.S.C. § 1337.

3.  Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial

part of the events or omissions giving rise to the claim occurred here.  Since Defendant

transacts business here, personal jurisdiction is established.

## III.     PARTIES

4.  Plaintiff, Evoon Souri is a consumer, as that term is defined by 15 U.S.C. § 1692a(3),

as well as a natural person allegedly obligated to pay any debt, residing in Norfolk

County, in the state of Massachusetts.

5.  Plaintiff, Ramy Souri is a consumer, as that term is defined by 15 U.S.C. § 1692a(3),

as well as a natural person allegedly obligated to pay any debt, residing in Norfolk

County, in the state of Massachusetts.

6.  Defendant, Investment Retrievers, Inc. is a collection agency and foreign corporation

engaged in the business of collecting debt in this state with its principal place of business

located in El Dorado County, in the state of California.

7.  Plaintiffs are informed and believe, and thereon alleged, that Defendant uses

instrumentalities of interstate commerce or the mails in any business, the principal

purpose of which being the collection of debts.  Defendant is engaged in the collection of

debts from consumers using the mail, electronic mail, facsimile, and telephone, and

regularly collects or attempts to collect, directly or indirectly, debts owed or due or

alleged to be owed or due another, being a ''debt collector'' as defined by the FDCPA,

15 U.S.C. § 1692a(6).


8.  At all relevant times, Defendant acted through its duly authorized agents, employees,

officers, members, directors, heirs, successors, assigns, principals, trustees, sureties,

subrogees, representatives, and insurers.


## IV.   FACTUAL ALLEGATIONS


9.  Sometime before May 22, 2013, Plaintiffs allegedly incurred a financial obligation

that was primarily for personal, family, or household purposes and is therefore a 'debt',

as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).


10.  Upon information and belief, at some point the alleged debt was consigned, placed or

otherwise transferred to Defendant for collection from Plaintiffs.


11.  The debt that Defendant is attempting to collect on is an alleged obligation of a

consumer to pay money arising out of a transaction in which the money, property,

insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment, as, again, defined by the FDCPA, 15 U.S.C. § 1692a(5).

12.   Defendant then within one year prior to the filing of this complaint, began contacting Plaintiffs, and placing collection calls to Plaintiffs prior to May 22, 2013; seeking and demanding payment for an alleged consumer debt owed under an account number.

13.   Upon information and belief, within one year prior to the filing of this complaint, Defendant called Evoon Souri's workplace many times, after she already told them not to, without the calls being for emergency purposes, and without her consent.  Defendant said on at least one occasion that it was the 'Dedham Court' calling for Evoon Souri's information regarding payment, when this was not true.  These were "communications", as defined by 15 U.S.C. § 1692a(2).

14.   Upon information and belief, within one year prior to the filing of this complaint, Defendant did not identify itself as debt collector in every communication with Ramy Souri, or tell him that they were attempting to collect on an alleged debt and that any information obtained would be used for that purpose.  These was a "communication", as defined by 15 U.S.C. § 1692a(2).

15.   Upon information and belief, within one year prior to the filing of this complaint, Defendant called for Ramy Souri after 9 p.m., without his consent, which is an

inconvenient time, and also many other times after he verbally told them not to, and after he had already sent them a letter in writing telling them not to call him anymore.  This was a "communication", as defined by 15 U.S.C. § 1692a(2).

16.  Upon information and belief, within one year prior to the filing of this complaint, Defendant would call Ramy Souri at work, after he already sent them a letter in 2009 telling them to stop calling him at work.  One example of a continued, unwanted call took place in August of 2012.  On at least one occasion, Defendant called his workplace and stated that he needed to come to the phone, as it was a family emergency, when this was not true.  These was a "communication", as defined by 15 U.S.C. § 1692a(2).

17.  Upon information and belief, within one year prior to the filing of this complaint, Defendant threatened to garnish Evoon Souri's wages.  It also threatened to take Ramy Souri's home, put a lien on it, and garnish his wages.  It told his wife that her and Ramy Souri's children would be kicked out of their home and put on the street; intending for the latter statement message regarding the children being put on the street and kicked out of their home to be delivered to Ramy Souri when it lied to and/or misled his wife, in order to try to get a payment on the alleged debt from them.  Defendant made misleading comments in regards to the immediacy by which they would garnish Ramy Souri's wages, telling him that they could just come and, "[G]arnish your wages right away." These were all "communications", as defined by 15 U.S.C. § 1692a(2).

**SUMMARY**

18.  All of the above-described collection communications made to Plaintiffs by Defendant and other collection employees employed by Defendant Investment Retrievers, Inc. were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

19.  The above-detailed conduct by this Defendant of harassing Plaintiffs in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA.

20.  As a result of the acts alleged above, Defendant caused Plaintiffs to become very upset because of the aggressive manner in which this debt was collected by this Defendant.

21.  Plaintiffs suffered actual damages as a result of these illegal collection communications by this Defendant in the form of anger, anxiety, emotional distress, frustration, upset, amongst other negative emotions.

22.  Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiffs.

## RESPONDEAT SUPERIOR LIABILITY

23.  The acts or omissions of this Defendant, and the other debt collectors employed as agents by Defendant Investment Retrievers, Inc. who communicated with Plaintiffs as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Investment Retrievers, Inc.

24.  The acts and omissions by this Defendant and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Investment Retrievers, Inc. in collecting consumer debts.

25.  By committing these acts and omissions against Plaintiffs, this Defendant and these other debt collectors were motivated to benefit their principal, Defendant Investment Retrievers, Inc.

26.  Defendant Investment Retrievers, Inc. is therefore liable to Plaintiffs through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt by communicating with Plaintiffs.

## V.    CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

27.  Plaintiffs repeat, reallege, and incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

28.  The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above, and below, with respect to Plaintiffs:

> (a)  Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and

> (b)  Defendant violated *§1692e(10)* of the FDCPA by using false, deceptive, or misleading representation or means in connection with the collection of Plaintiffs' alleged debt; and

> (c)  Defendant violated *§1692e(2)(B)* of the FDCPA by falsely

representing the services rendered or compensation which may be lawfully received by the Defendants for the collection of the alleged debt; and

(d) Defendant violated *§1692d(5)* of the FDCPA by engaging in any conduct the natural consequence of which was to harass, oppress and/or abuse Plaintiffs in connection with the collection of a debt. Without limiting the application of the foregoing[;] and

(e) Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in the oral communications with Plaintiff Ramy Souri that the communications were from a debt collector, and that the debt collector was attempting to collect a debt, and that any information obtained would be used for that purpose, when said communications were not formal pleadings; and

(f) Defendant violated *§1692a(3)* by calling Plaintiffs' place of employment with knowledge or the reason to know that the consumers' respective employers prohibit the consumer from receiving such communication, without the prior consent of Plaintiffs given directly to Defendant or the express permission of a court of competent jurisdiction; and

(g) Defendant violated *§1692a(3)* by communicating with Plaintiffs' in connection with the collection of any debt at a time or place known or which should be known to be inconvenient to the consumer[.]

29. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiffs to pay the alleged debt.

30.  As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiffs for actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable costs and attorney fees pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## COUNT II
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

31.  Plaintiff Evoon Souri and Ramy Souri repeat, reallege, and incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

32.  Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

**Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of**

**individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

33.  Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including companies that try to collect on debts owed to them, albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that <u>each financial institution has an affirmative and continuing obligation to respect the privacy of its customers</u> and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

34.  Defendant and/or its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Plaintiffs, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiffs' privacy.

35.  Defendant also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Plaintiffs, namely, by

unlawfully calling for them at their respective workplaces, after they had already told Defendant not to do so anymore verbally, and after Plaintiff Ramy Souri went as far as to write Defendant a letter telling them to cease calling for him at all; without Plaintiffs' consent, and without the calls being for emergency purposes, and thereby invaded Plaintiffs' right to privacy.

36.  Defendant and its agents intentionally and/or negligently caused emotional harm to Plaintiffs by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiffs' right to privacy.

37.  Plaintiffs had a reasonable expectation of privacy in Plaintiffs' solitude, seclusion, private concerns and affairs.

38.  The conduct of this Defendant and its agents, in engaging in the above-described illegal collection conduct against Plaintiffs, resulted in multiple intrusions and invasions of privacy by this Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

39. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiffs to pay the alleged debt.

40.  As a result of such intrusions and invasions of privacy, Defendant is liable to Plaintiffs for actual damages in an amount to be determined at trial from Defendant.

## VI.    PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered against Defendant for the following:

A. Actual damages from Defendant pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations, in an amount to be determined at trial and for Plaintiffs.

B. Statutory damages of $1000.00 from Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A).

C. Costs and reasonable attorney fees from Defendant and for Plaintiffs pursuant to 15 U.S.C. § 1692k(a)(3).

D. Punitive damages.

E. For such other and further relief as the Court may deem just and proper.

Dated:  June 7, 2013                    RESPECTFULLY SUBMITTED,

                                        By: /s/ Kevin Crick
                                        Kevin Crick
                                        BBO:  680950
                                        Consumer Rights Law Firm, PLLC
                                        300 Brickstone Square, Suite 902
                                        Andover, Massachusetts 01810
                                        Phone: (978) 420-4747
                                        Fax: (978) 409-1486
                                        kevinc@consumerlawfirmcenter.com
                                        **Attorney for Plaintiffs**


## DEMAND FOR JURY TRIAL

Please take notice that plaintiffs Evoon Souri and Ramy Souri demand trial by jury in this

action on all issues so triable.  US Const. amend. 7. Fed.R.Civ.P. 38.